UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1957 |
| v. | |
| | Case: 2:21−cr−20348 |
| | Assigned To : Lawson, David M. |
| | Referral Judge: Grand, David R. |
| D-1    ALI RAMEH BAZZI, | Assign. Date : 5/20/2021 |
| | Description: INFO USA v BAZZI (sk) |
| Defendant. | |
| _____/ | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Ali Rameh Bazzi was a resident of Dearborn, Michigan.

2. In approximately March 2018, Bazzi incorporated a limited liability corporation named Welther Oaks LLC (Welther Oaks). Welther Oaks had its registered address and operational office in Wayne County, Michigan.

3. Operating through Welther Oaks, Bazzi solicited funds from individuals in various parts of the United States, including Michigan, Illinois and California, purportedly for various investments. Bazzi represented to prospective investors that their funds would be invested primarily in foreign currency exchange

markets; he also represented that the funds may be invested in certain commodities, including gold.

4. Bazzi further represented to the investors that they would earn high rates of return on their investments given the strengths of Bazzi's trading model. Bazzi utilized written marketing and offering materials and provided investors with written trading agreements.

5. Bazzi also represented to investors and prospective investors that he was a licensed professional. In fact, he held no professional licenses of any kind.

6. Investors funded their investments via checks mailed to Welther Oaks, or via wire transfers of funds to bank accounts owned and controlled by Bazzi.

7. Between approximately March 2018 and March 2020, approximately 30 individuals invested funds with Bazzi through Welther Oaks. These investments totaled approximately $500,000.

8. While repaying some investors, Bazzi diverted most of the investors' funds to his own personal uses and expenses, including leasing various luxury vehicles and purchasing expensive jewelry. To conceal his misuse of investor funds, Bazzi provided investors with periodic investment account statements that listed fictitious trading activity and account balances.

## COUNT 1
*Wire Fraud*
U.S.C. § 1343

9. Paragraphs 1 through 8 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

10. Beginning in approximately March 2018 and continuing through approximately March 2020, in the Eastern District of Michigan, defendant Ali Rameh Bazzi did devise and execute a scheme and artifice to obtain money and property by means of false or fraudulent pretenses, representations, and promises, and for the purposes of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds, all in violation of 18 United States Code Section 1343.

## COUNT 2
*Money Laundering*
U.S.C. § 1957

11. Paragraphs 1 through 8 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

12. On or about March 22, 2019, in the Eastern District of Michigan, defendant Ali Rameh Bazzi, did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than

$10,000, specifically, a wire transfer of $28,429.20 from a financial institution in the eastern District of Michigan to a business in Nevada for the lease of a vehicle, such property having been derived from a specified unlawful activity, in violation of 18 United States Code Section 1957.

## FORFEITURE ALLEGATIONS

**U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461; 18 U.S.C. § 982(a)(1)**

13. The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

14. Under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), upon conviction of the violation alleged in Count One of this Information, defendant shall forfeit to the United States any property which constitutes, or is derived from, proceeds obtained directly or indirectly as a result of such violation.

15. Under 18 U.S.C. § 982(a)(1), upon conviction of the violation alleged in Count Two of this Information, defendant shall forfeit to the United States any property, real or personal, involved in such offense and any property traceable to such property.

16. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been comingled with other property that cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek to forfeit any other property of defendant up to the value of the forfeitable property described above.

17. <u>Money Judgment</u>: Upon being convicted of any of the offenses alleged in this Information, defendant shall be ordered to pay the United States a sum of money equal to the total amount of the property subject to forfeiture for violations for which Defendant is convicted.

SAIMA S. MOHSIN
ACTING UNITED STATES ATTORNEY

<u>S/John K. Neal</u>
JOHN K. NEAL
Chief, White Collar Crime Unit
Assistant United States Attorney

5

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>21-cr-20348 |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Ali Rameh Bazzi

**County where offense occurred:** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

    ____Indictment/ ✓ Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [**Case number:**         ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 20, 2021
Date

/s/ John K. Neal
John K. Neal
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9644
Fax:      (313) 226-2873
E-Mail address: john.neal@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.